IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL HARDY, )
  )
   Plaintiff, )
  ) Civil Action No: 2:08-CV-15-MHT
vs. )
  )
J. WALTER WOOD, Jr., et., al. )
  )
   Defendants. )

## NOTICE OF REMOVAL

To the honorable judges of the United States District Court for the Middle District of Alabama:

On this the 7th day of January, 2008, the undersigned attorney, on behalf of the Defendants J. Walter Wood, Jr., Alabama Department of Youth Services, and all Defendants herein, hereby removes and gives Notice of Removal of the above styled action filed by Plaintiff/Petitioner in the Circuit Court of Montgomery County, Alabama, Civil Action number CV-2007-1762, copies of which are attached hereto, to the United States District Court for the Middle District of Alabama, Northern Division. You are also advised that the Defendants, on filing such notice of removal in the office of the Clerk of the United States District Court for the Middle District of Alabama, Northern Division, also filed copies of such notice with the Clerk of the Circuit Court for Montgomery County to effect removal pursuant to 28 USC Section 1446. As grounds wherefor the Defendants state the following:

   1. The Plaintiff/Petitioner asserts claims involving Federal questions by asserting that Defendants "denied the Plaintiff of all constitutionally protected rights of Notice, Due Process and redress."

2. The Plaintiff/Petitioner also asserts that the Defendants violated "his constitutionally protected freedom of speech."

3. The District Court has original jurisdiction of all civil claims arising under the Constitution, Laws, or Treaties of the United States pursuant to 28 USC Section 1331 and this case is removable to this Court pursuant to 28 USC Section 1441.

4. Defendants received service of process on December 19, 2007.

5. Defendants have filed no pleadings or papers in this cause in the state court, and the time for filing any responsive pleading has not expired.

6. Copies of all processes, pleadings and orders are attached hereto.

Done this 7th day of January, 2008.

                                                Respectfully submitted

T. Dudley Perry, Jr.
Bar Number: 3985-R67T
General Counsel
Alabama Dept of Youth Services
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: (334) 215-3803
Fax: (334) 215-3872
E-Mail: dudley.perry@dys.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th of January 2008, I have mailed a true and correct copy of the foregoing document by United States mail, postage prepaid, to the individuals at the addresses shown below:

Gwendolyn T. Kennedy, Esq.
P.O. Box 230306
Montgomery, AL 36123-0306

T. Dudley Perry, Jr.
General Counsel
Alabama Department of Youth Services

Answer due
1/18/07

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

MICHAEL HARDY,                )
                              )
        Plaintiff,            )
                              )
v.                            )        Case No. CV07-1762
                              )
J. WALTER WOOD, JR, individually and )
in his official capacity as   )
Executive Director of         )
the Alabama Department        )
of Youth Services, and        )
John Doe, and Mary Doe        )
being the individuals whose   )
names are otherwise unknown   )
but who will be added hereto by )
amendment when ascertained,   )
                              )
        Defendants.

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2007 NOV -9  PM 2:53

## COMPLAINT

COMES NOW the Plaintiff, Michael Hardy, by and through his attorney, and alleges the following in support of his complaint against Defendant, J. Walter Wood, Jr.:

## JURISDICTION

1. Plaintiff, and at all times mentioned was, a resident of Montgomery County, Alabama.

2. Defendant, Department of Youth Services is the Executive Director of the Alabama Department of Youth Services whose headquarters is located in Montgomery County, Alabama.

## FACTUAL BACKGROUND

3. Plaintiff was employed by the Alabama Department of Youth Services as a

Counselor I. in excess of Fifteen (15) years.

4. Plaintiff, while employed in the Alabama Department of Youth Services facility located in Montgomery County was accused on sexual harassment by an employee of the same facility.

5. Plaintiff's supervisor, and others who are herein named as Defendants and others who are herein identified as fictitious who will be added as said names are ascertained, were required as a result of the allegation to thoroughly investigate the allegations and to follow certain policies and procedures in so doing.

6. The Plaintiff thereafter filed a Grievence in accordance with the policy of the Agency and requested and investigation.

7. The policies and procedures for investigating the allegations against Plaintiff required, among other things, that the investigative interviews were to have been conducted, recorded and preserved. The Defendants did not investigate the accusation sexual harassment in accordance with law and policy and further engaged in a long and extensive effort to conceal said violations.

8. A Fact Finding hearing was conducted on November 10 2005, on the sexual harassment accusation, which was so inadequate and insufficient that it denied the Plaintiff of all constitutionally protected rights of Notice, Due Process and redress.

9. This fact finding hearing was followed by a termination of Plaintiff's employment in January 2006.

10. An Administrative Hearing followed the termination.

11. As a result of that hearing, the Administrative Law Judge held that she did not find the evidence of sexual harassment to be credible.

12. The termination of Plaintiff's employment on the grounds that he used abusive and threatening language in the grievance was upheld.

13. Plaintiff was a long standing employee with an exemplary work record. He had far exceeded any requirements for probationary service and enjoyed a reasonable expectation to continued employment.

14. As a result of the actions of the Defendants and others, the Plaintiff was wrongfully terminated, thereby constituting a severance of his contractual service with the Department of Youth Services.

15. The Plaintiff was terminated as a direct result of the actions of the Defendants and others in the failing to investigate, notate said investigation and otherwise failing to follow procedural and official and legal mandates for the handling of said investigation, as well as in retaliation for the filing of a grievance with the Department of Youth Services.

16. The Defendants failed to give the Plaintiff adequate, proper or sufficient Notice as required by all applicable rights under the Constitution and laws of the State of Alabama.

17. The investigation that was conducted and the following Hearing that was afforded the Plaintiff were deficient and in fact violative of the Due Process rights of the Plaintiff.

## **FRAUD**

18. The actions on the part of the names Defendants, before, during and after the termination of the Plaintiff constituted fraud and misrepresentation.

19. The alleged investigations that were conducted by the Defendant's were contrived to appear to be in accordance with policy when in fact they were not recorded, or in any manner notated. In other instances associated herewith, said investigations were not conducted at all.

20. The Defendants willfully failed and refused before, during and after the termination of Plaintiff to document facts that were in Plaintiff's favor and went further to fraudulently conceal the existence of facts that were against the Department and its alleged employee witnesses.

21. The Defendant's further contrived charges of the use of Abusive and Threatening Language in a Grievance to terminate the Plaintiff with the full knowledge that said charges were not true.

22. Plaintiff avers that he was not afforded due process in regards to the termination.

23. Plaintiff avers that the termination was in retaliation for the filing of the grievance.

24. Plaintiff avers that his constitutionally protected freedom of speech has been violated because he was terminated for the filing of the grievance.

25. Plaintiff avers that other individuals whose identities are unknown to him at this time was instrumental in causing his termination for the filing of the grievance with the Alabama Department of Youth Services

Wherefore, the premises considered plaintiff demands judgment against defendant

in the sum of $1,000,000.00, costs and such other relief as the court may deem proper.

Respectfully submitted,

*Gwendolyn T. Kennedy*
GWENDOLYN T. KENNEDY
Attorney for Plaintiff
P. O. Box 230306
Montgomery, Alabama 36123-0306
334-273-1261
Fax: 334-273-1262

gwendolyntkennedy@yahoo.com

Plaintiff demands trial by jury

*Gwendolyn T. Kennedy*
GWENDOLYN T. KENNEDY

AVSO350

ALABAMA JUDICIAL DATA CENTER
MONTGOMERY COUNTY

SUMMONS

RECEIVED
DEC 19 2007
CV 2007 001762.00

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

MICHAEL HARDY VS. J.WALTER WOOD JR

SERVE ON: (D001)

SSN: 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

WOOD J WALTER JR, EXECUTIVE DI
ALA DEPT OF YOUTH SERVICE
1000 INDUSTRIAL SCHOOL RD
MONTGOMERY    ,AL  36117-0000

PLAINTIFF'S ATTORNEY

KENNEDY GWENDOLYN THOMAS
3000 EAGLE POINT CORP DR
STE 300A
BIRMINGHAM    ,AL  35242-0000

TO THE ABOVE NAMED DEFENDANT:

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

(✓) TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR 4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE: YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE COMPLAINT IN THIS ACTION UPON DEFENDANT.

( ) THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE WRITTEN REQUEST OF _____ PURSUANT TO RULE 4(1)(C) OF THE ALABAMA RULES OF CIVIL PROCEDURE.

DATE: 12/17/2007

CLERK: MELISSA RITTENOUR
P O BOX 1667
MONTGOMERY AL  36102-1667
(334)832-1266

RETURN ON SERVICE:

( ) CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
    (RETURN RECEIPT HERETO ATTACHED)

( ) I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND
    COMPLAINT TO _____
    IN _____ COUNTY, ALABAMA ON (DATE) _____

DATE _____    SERVER SIGNATURE _____

SERVER ADDRESS _____    TYPE OF PROCESS SERVER _____

OPERATOR: LAW
PREPARED: 12/17/2007

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003049
Cashier ID: brobinso
Transaction Date: 01/07/2008
Payer Name: DUDLEY PERRY JR
----------------------------------------
CIVIL FILING FEE
  For: DUDLEY PERRY JR
  Case/Party: D-ALM-2-08-CV-000015-001
  Amount:         $350.00
----------------------------------------
CHECK
  Check/Money Order Num: 4503
  Amt Tendered:   $350.00
----------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

MICHAEL HARDY V. J.WALTER WOODS,
JR.
```