IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL HARDY**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No: 2:08-CV-15-MHT |
| vs. | ) | |
| | ) | |
| **J. WALTER WOOD, Jr., et., al.** | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

**COMES NOW** Defendant Walter Wood ("Wood") and hereby responds and answers the complaint as follows:

## JURISDICTION

1.   Defendant Wood is without knowledge as to whether the Plaintiff was a resident of Montgomery County, Alabama for the time periods indicated the complaint. Defendant Wood is also without sufficient knowledge as to Plaintiff's current place of residence.

2.   Defendant Wood admits that he is the Executive Director of the Alabama Department of Youth Services ("DYS") which is located in Montgomery County, Alabama.

## FACTUAL BACKGROUND

3.   Defendant Wood admits that the Plaintiff was employed at DYS for an extended period of time, however Defendant Wood is without independent knowledge as to all the position(s) that Plaintiff held during Plaintiff's employment with DYS.

4. Defendant Wood admits.

5. Defendant Wood denies all material allegations of paragraph 5. In addition Defendant Wood objects to pleading fictitious parties under the facts of this case and under the Federal Rules of Civil Procedure.

6. Defendant Wood denies that Plaintiff's Grievance was in accordance with the policy of DYS. Defendant Wood admits that the Plaintiff requested an investigation of a subordinate employee in retaliation for her complaint.

7. Defendant Wood denies all material allegations in paragraph 7 and demands strict proof thereof.

8. Defendant Wood admits that a fact-finding hearing occurred on November 10, 2005. However, Defendant Wood denies all other material allegations in paragraph 8 and demands strict proof thereof.

9. Defendant Wood admits that the Plaintiff was terminated in January 2006, and that a hearing was conducted.

10. Defendant Wood admits.

11. Defendant Wood admits.

12. Defendant Wood admits.

13. Defendant Wood admits that the Plaintiff was a long-standing employee with DYS. The Defendant also admits that the Plaintiff worked for DYS beyond the Plaintiff's probationary period. The Defendant denies all other material allegations in paragraph 13 and demands strict proof thereof.

14. Defendant Wood denies all material allegations in paragraph 14 and demands strict proof thereof.

15. Defendant Wood denies all material allegations in paragraph 15 and demands strict proof thereof.

16. Defendant Wood denies all material allegations in paragraph 16 and demands strict proof thereof.

17. Defendant Wood denies all material allegations in paragraph 17 and demands strict proof thereof.

### FRAUD

18. Defendant Wood denies all material allegations in paragraph 18 and demands strict proof thereof.

19. Defendant Wood denies all material allegations in paragraph 19 and demands strict proof thereof.

20. Defendant Wood denies all material allegations in paragraph 20 and demands strict proof thereof.

21. Defendant Wood denies all material allegations in paragraph 21 and demands strict proof thereof.

22. Defendant Wood denies all material allegations in paragraph 22 and demands strict proof thereof.

23. Defendant Wood denies all material allegations in paragraph 23 and demands strict proof thereof.

24. Defendant Wood denies all material allegations in paragraph 24 and demands strict proof thereof.

25. Defendant Wood denies all material allegations in paragraph 25 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Defendant Wood asserts the following affirmative defenses to the claims asserted in the

Plaintiff's complaint:

1.    The Plaintiff has failed to state a claim upon which relief can be granted.

2.    Defendant Wood is immune from suit under Article I § IV of the Alabama Constitution (1901). Defendant Wood is protected and entitled to state agent immunity.

3.    Defendant Wood is immune from civil liability in his individual capacity because the conduct made the basis of the claims against him are based upon the following:

(1) formulating plans, policies, or designs; or

(2) exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:

   (a) making administrative adjudications;

   (b) allocating resources;

   ( c ) negotiating contracts;

   (d) hiring, firing, transferring, assigning, or supervising personnel; or

(3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or

(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons; or

(5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students.

*Exparte Cramman*, 792 So. 2d 392, 405 (Ala. 2000).

4. At all times relevant to this action, Wood was acting upon his reasonable understanding and belief of the requirements of the governing federal law and state law.

5. Defendant Wood did not violate any state or federal constitutional rights of the Plaintiff.

6. Defendant Wood had just cause to terminate the employment of the Plaintiff.

7. Defendant Wood has not committed fraud nor misrepresentation before, during nor after the termination of the Plaintiff.

8. The Plaintiff has failed to establish a prima facie case on all of the claims asserted in this lawsuit.

9. The Plaintiff has failed to state factual allegations to support a claim of a due process violation.

10. The Plaintiff has failed to state factual allegations to support the claims of fraud and misrepresentation.

11. The Plaintiff has failed to state factual allegations to support a claim of violation of

freedom of speech.

12. The Plaintiff has failed to state a claim upon which compensatory damages may be awarded.

13. Defendant Wood is immune from liability for the intentional acts of others.

14. Anything that is not specifically admitted to or addressed in this Answer is denied and Defendant Wood demands strict proof thereof.

Wood reserves the right to amend this Answer at a later date premised on the fact that discovery is incomplete and/or the Plaintiff might file an Amended Complaint. Submitted the 28th day of January 2008.

                                          Respectfully submitted

                                          s/T. Dudley Perry, Jr.
                                          T. Dudley Perry, Jr.
                                          Bar Number: 3985-R67T
                                          General Counsel
                                          Alabama Dept. of Youth Services
                                          Post Office Box 66
                                          Mt. Meigs, AL 36057
                                          Telephone: (334) 215-3803
                                          Fax: (334) 215-3872
                                          E-Mail: dudley.perry@dys.alabama.gov

                                          s/Sancha E. Teele
                                          Sancha E. Teele
                                          Bar Number 0103-H71T
                                          Assistant Attorney General

        Alabama Dept. of Youth Services
        Post Office Box 66
        Mt. Meigs, AL 36057
        Telephone: (334) 215-3803
        Fax: (334) 215-3872
        E-Mail: sancha.teele@dys.alabama.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 28th of January 2008, I have mailed a true and correct copy of the foregoing document by United States mail, postage prepaid, to the individuals at the addresses shown below:

        Gwendolyn T. Kennedy, Esq.
        P.O. Box 230306
        Montgomery, AL 36123-0306

        T. Dudley Perry, Jr.
        General Counsel
        Alabama Department of Youth Services