IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL HARDY,
       Plaintiff,

v.                 No. 02:08- Cv-15

J. WALTER WOODS,

       Defendant.

**REPORT OF PARTIES' PLANNING MEETING**

ATTORNEYS FOR THE PARTIES
Gwendolyn T. Kennedy, 3000 Eagle Point Corporate Dr, Suite 300 A, Birmingham, Alabama 35242, 205-437-0160; gwendolyntkennedy@yahoo.com, Counsel for Plaintiff.

T. Dudley Perry, Jr, Alabama Dept of Youth Service, P. O. Box 66, Montgomery, Alabama 36057, Counsel for Defendants.

       1. Pursuant to Fed. R. Civ. P. 26(f), Gwendolyn T. Kennedy, made a good faith effect to engage in a teleconference with T. Dudley Perry, Jr, and also to if necessary arrange a face to face conference with Mr. Perry and was unable to schedule either one with him because despite numerous telephones calls by her she was unable to confer with him, therefore she is submitting the following proposed schedule.

       2. Pre-Discovery Disclosures.

       The parties will exchange by March 21 2008, the information required by Fed. R. Civ. P. 26(a)(1).

       3. Discovery Plan.

       The parties jointly propose to the Court the following discovery plan.

       Plaintiff believes that discovery will be needed on subjects including, but not limited to:

       Failure to thoroughly investigate the allegation contained in the grievance that plaintiff filed concerning an accusation of sexual harassment filed against him.

       Whether defendants attempted to conceal the failure to properly investigate and record the investigation regarding the grievance.

Whether plaintiff's employment was wrongfully terminated by defendants.

Whether plaintiff's due process rights was violated.

Whether the plaintiff was the victim of fraud and misrepresentation.

Defendant does not agree that discovery on all of the above subjects is necessary and reserve all rights to object to the discovery sought by the Plaintiff.

Both parties reserve the right to raise objections to certain depositions, interrogatories, or discovery.

All fact discovery commenced in time to be completed by May 30, 2008.

All expert discovery commenced in time to be completed by May 30, 2008.

A maximum of 25 interrogatories by each party to any other party provided that a party may seek leave to submit additional interrogatories, as necessary. Responses due 20 days after service.

A maximum of 50 requests for admission by each party to any other party provided that a party may seek leave to submit additional requests for admission, as necessary. Responses due 20 days after service.

A maximum of 10 fact depositions by each party provided that a party may seek leave to conduct additional depositions, as necessary.

A maximum of 5 expert depositions by each party provided that a party may seek leave to conduct additional depositions, as necessary.

Each deposition shall be limited to a maximum of 4 hours unless extended by agreement of the parties.

Reports from retained experts under Rule 26(a) (2) due:

From Plaintiff by March 28, 2008.

from Defendants by March 28, 2008.

Supplementations under Rule 26(e) due March 28, 2008.

4. Other items.

Responses to document requests due 20 days after service.

The parties request a conference with the Court before entry of the scheduling order.

The parties request a pretrial conference on March 14, 2008.

Plaintiff should be allowed until April 11, 2008, to join additional parties and until April 18, 2008 to amend the pleadings.

Defendant should be allowed until May 9 2008, to join additional parties and until May 16, 2008 to amend the pleadings.

All potentially dispositive motions should be filed by June 6, 2008.

Settlement is unlikely.

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a) (3).

The case should be ready for trial by June 6, 2008, and at this time is expected to take approximately 3 days.

Dated: 2-7-08

By: _____
Gwendolyn T. Kennedy
Attorney for Plaintiff
3000 Eagle Point Corporate Dr, Suite 300 A
Birmingham, Alabama 35242
205-437-0160

CERTIFICATE OF SERVICE

I certify that I have on this the 6th day of February 2008 served a copy of the foregoing disclosure via United States Mail postage prepaid on the following:

T. Dudley Perry, Jr
Alabama Dept of Youth Service
P. O. Box 66
Montgomery, Alabama 36057

By: _____
Gwendolyn T. Kennedy