IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL HARDY**, | ) |
| Plaintiff, | ) |
| vs. | ) Case No: 02:08-cv-15 MHT |
| **J. WALTER WOOD, Jr., et., al.** | ) |
| Defendants. | ) |

### DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF QUALIFIED IMMUNITY

Defendant, J. Walter Wood, Jr., by and through undersigned counsel, hereby files this Motion to Stay Discovery pending resolution of the issue of qualified immunity. In support Defendant Wood states the following:

1. The Defendant has filed an answer raising the defense of immunity and qualified immunity.

2. The Defendant respectfully submits that the plaintiff cannot overcome the immunity and qualified immunity defenses.

3. The immunity defense generally protects public officials not only from damages and personal liability, but also discovery and other pre-trial burdens. *See e.g., Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (qualified immunity analysis) ("Until this threshold immunity question is resolved discovery should not be allowed.") *See also*, *Mitchell v. Forsyth*, 472 U.S. 511 at 525-526 (1985). Because the purpose of qualified immunity is to spare the Defendants from rigors of defending a lawsuit, courts should determine whether the Defendants

1

are entitled to this immunity as early as possible in the litigation. *Cottrell v. Caldwell*, 85 F.3d 1480, 1487 (11th Cir.1996); *Caraballo-Sandoval v. Honsted*, 35 F.3d 521, 524 (11th Cir.1994), *reh'g denied en banc*, 48 F.3d 538 (11th Cir.1995).

> The public's strong interest in avoiding government disruption requires that qualified immunity be an immunity from trial, not just from liability. See Green v. Brantley, 941 F.2d 1146, 1149 (11th Cir.1991); Siegert v. Gilley, 500 U.S. 226, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991) (one purpose of qualified immunity "is to spare a defendant ... unwarranted demands customarily imposed upon those defending a ... lawsuit"). The erroneous denial of qualified immunity on summary judgment significantly undercuts the purposes behind qualified immunity and is harmful even if the defendants, in their individual capacities, ultimately prevail at trial.

*Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1556-57 (11th Cir.1993) (Edmondson, J.) (editorial ellipsis in the original), *modified on other grounds*, 14 F.3d 583 (11th Cir.1994) (per curiam).

    4.    In *Wicks. V. Mississippi State Employment Services, et. al.*, 41 F.3d 991 (5th Cir. 1995), the Fifth Circuit determined that a denial of a motion to stay discovery was immediately appealable as a denial of the benefits of the qualified immunity defense. The Fifth Circuit noted that limited discovery could possibly be available, *but not until the district court first finds that the plaintiff's pleadings asserts facts, which, if true, would overcome the defense of qualified immunity*. In this case, as in *Wicks*, discovery should be stayed until the issue of qualified immunity is determined because allowing discovery to proceed would rob the Defendants of the protections provided by immunity.

    WHEREFORE, the Defendant requests that discovery be stayed until resolution of the immunity defenses.

Done this 7th day of March, 2008.

        s/T. Dudley Perry, Jr
        T. Dudley Perry, Jr.
        Bar Number: 3985-R67T
        General Counsel
        Alabama Dept of Youth Services
        Post Office Box 66
        Mt. Meigs, AL 36057
        Telephone: (334) 215-3803
        Fax: (334) 215-3872
        E-Mail: dudley.perry@dys.alabama.gov

        s/Sancha E. Teele
        Sancha E. Teele
        Assistant Attorney General
        Bar Number: 0103-H71T
        Attorney for the Defendant
        Alabama Department of Youth Services
        Post Office Box 66
        Mt. Meigs, AL 36057
        Telephone: 334-215-3803
        Fax: (334) 215-3872
        E-Mail: sancha.teele@dys.alabama.gov

**CERTIFICATE OF SERVICE**

I hearby certify that on the 7th day of March , 2008, I electronically filed the foregoing **DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF QUALIFIED IMMUNITY** with the Clerk of the Court Using the CM/ECF system which will send notification of such filing to the following:

        Gwendolyn T. Kennedy
        Attorney for Plaintiff
        3000 Eagle Point Corporate Dr., Suite 300 A
        Birmingham, AL 35242
        (205)437-0160

                                                **/s/T. Dudley Perry, Jr.**
                                                T. Dudley Perry, Jr.
                                                Bar Number: 3985-R67T
                                                General Counsel
                                                Attorney For Defendant