IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL HARDY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:08cv15-MHT |
| | ) |
| J. WALTER WOOD, JR., | ) |
| individually and in his official | ) |
| capacity as Executive Director | ) |
| the Alabama Department | ) |
| of Youth Services, | ) |
| | ) |
|     Defendant. | ) |

## MOTION FOR SUMMARY JUDGMENT

The Defendant J. Walter Wood, Jr., individually and in his official capacity as Executive Director of the Alabama Department of Youth Services, hereby moves for summary judgment on all claims in this case. In support whereof, the Defendant submits the following documents:

| | |
|---|---|
| Exhibit 1 | Mr. Woods' January 6, 2006 letter to Mr. Hardy providing him with the results of his November 10, 2005 Administrative Fact Finding Hearing. |
| Exhibit 2 | Ms. Tera McMillian's deposition taken January 15, 2008 and continued on January 22, 2008. |
| Exhibit 3 | Debra Spann's, DYS Personnel Manager, investigation notes. |
| Exhibit 4. | Declaration of Tera McMillian |
| Exhibit 5 | Taped interview between Michael Hardy and Debra Spann |
| Exhibit 6 | Tera McMillian's Charge of Discrimination 130-2005-05479 |
| Exhibit 7 | Transcript of Michael Hardy's Personnel Hearing - May 8, 2006 continued |

on June 10, 2006.

Exhibit 8    Debra Spann's July 19, 2005 memo to Mr. Wood given the results of her investigation.

Exhibit 9    Tim Davis', Deputy Director, November 3, 2005 memo to Mr. Wood - recommendation.

Exhibit 10   Mr. Wood's November 4, 2005 letter to Mr. Hardy providing him with the hearing date.

Exhibit 11   Transcript of Michael Hardy's November 15, 2005 Fact Finding Hearing.

Exhibit 12   Marcia Calendar's, DYS Hearing Officer, recommendation.

Exhibit 13   Hearing Officer Julia Weller, State Personnel, recommended order to the State Personnel Board.

Exhibit 14   State Personnel Board Order

Defendant moves for summary judgment on all claims in this case based on the following:

1. The Complaint was filed more than 2 years after the facts on which it is based, therefore the complaint is barred by the statute of limitations.

2. Defendant Wood is immune from suit under Article I § IV of the Alabama Constitution (1901). Defendant Wood is protected and entitled to state agent immunity.

3   Defendant Wood is immune from civil liability in his individual capacity because the conduct made the basis of the claims against him are based upon the following:

(1) formulating plans, policies, or designs; or

(2) exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:

    (a) making administrative adjudications;

    (b) allocating resources;

    ( c ) negotiating contracts;

    (d) hiring, firing, transferring, assigning, or supervising personnel; or

(3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or

(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons; or

(5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students.

*Exparte Cramman*, 792 So. 2d 392, 405 (Ala. 2000).

    4.   At all times relevant to this action, Wood was acting upon his reasonable understanding and belief of the requirements of the governing federal law and state law.

    5.   Defendant Wood did not violate any state or federal constitutional rights of the Plaintiff.

    6.   Defendant Wood had just cause to terminate the employment of the Plaintiff.

7. Defendant Wood has not committed fraud nor misrepresentation before, during nor after the termination of the Plaintiff.

8. The Plaintiff has failed to establish a prima facie case on all of the claims asserted in this lawsuit.

9. The Plaintiff has failed to state factual allegations to support a claim of a due process violation.

10. The Plaintiff has failed to state factual allegations to support the claims of fraud and misrepresentation.

11. The Plaintiff has failed to state factual allegations to support a claim of violation of freedom of speech.

Done this 18th day of August, 2008.

**s/T. Dudley Perry, Jr.**
T. Dudley Perry, Jr.
Bar Number: 3985-R67T
General Counsel
Alabama Dept of Youth Services
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: (334) 215-3803
Fax: (334) 215-3872
E-Mail: dudley.perry@dys.alabama.gov

_____
Sancha E. Teele
Assistant Attorney General
Bar Number: 0103-H71T
Attorney for the Defendant
Alabama Department of Youth Services
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: 334-215-3803
Fax: (334) 215-3872
E-Mail: sancha.teele@dys.alabama.gov

## CERTIFICATE OF SERVICE

I hearby certify that on the 18th day of August , 2008, I electronically filed the foregoing **Motion for Summary Judgment** with the Clerk of the Court Using the CM/ECF system which will send notification of such filing to the following:

Gwendolyn T. Kennedy
Attorney for Plaintiff
3000 Eagle Point Corporate Dr., Suite 300 A
Birmingham, AL 35242
(205)437-0160

**/s/T. Dudley Perry, Jr.**
T. Dudley Perry, Jr.
Bar Number: 3985-R67T
Deputy Attorney General
Attorney For Defendant
J. Walter Wood, Jr.